McKean, Chief Justice.
 

 Were the proposed examination of witnesses, on the part of the defendant, to be allowed, the long-established rules of law and justice would be at an end. It is a matter well known, and well understood, that by the laws of our country, every question which affects a man’s life, reputation or property, must be tried by
 
 twelve
 
 of Ms peers ; and that their unanimous Verdict is, alone, competent to determine the fact in issue. If, then, you undertake to inquire, not only upon what foundation the charge is made, but, likewise, upon what foundation it is denied, you will, in effect, usurp the jurisdiction of the petit jury, you will supersede the legal authority of the court, in judging of the competency and admissibility of witnesses, and having thus undertaken to try the question, that question may be determined by a bare majority, or by a much greater number of your body, than the twelve peers prescribed by the law of the land. This point has, I believe, excited some doubts upon former occasions ; but those doubts have never ^arisen in the mind of any lawyer, and they may easily be removed by a proper consideration of the subject. For the bills or presentments, found by a grand jury, amount to nothing more than an official accusation, in order to put the party accused upon his trial; until
 
 *248
 
 the bill is returned, there is, therefore, no charge from which he can be required to exculpate himself; and we know that many persons, against whom bills were returned, have been afterwards acquitted by a verdict of their country. Here, then, is the just line of discrimination : it is the duty of the grand jury to inquire into the nature and probable grounds of the cl arge; but it is the exclusive province of the petit jury, to hear and determine, with the assistance, and under the direction of the court, upon points of law, whether the defendant is, or is not guilty, on the whole evidence, for, as well as against him. You will, therefore, readily perceive, that if you examine the witnesses on both sides, you do not confine your consideration to the probable grounds of charge, but engage completely in the trial of the cause ; and your return must, consequently, be tantamount to a verdict of acquittal or condemnation. But this would involve us in another difficulty ; for by the law, it is declared, that no man shall be.twice put in jeopardy for the same offence : and, yet, it is certain, that the inquiry now proposed by the grand jury, would necessarily introduce the oppression of a double trial. Nor it it merely upon maxims of law, but, I think, likewise, upon principles of humanity, that this innovation should be opposed. Considering the bill as an accusation grounded entirely upon the testimony in support of the prosecution, the petit jury receive no bias from the sanction which the indorsement of the grand jury has conferred upon it. But on the other hand, would it not, in some degree, prejudice the most upright mind against the defendant, that on a full hearing of his defence, another tribunal had pronounced it insufficient ? — Avhich would then be the natural inference from every
 
 true bill.
 
 Upon the whole, the court is of opinion, that it Avould be improper and illegal to examine the witnesses, on behalf of the defendant, while the charge against him lies before the grand jury.
 

 One of the grand inquest then observed to the court, that “ there was a clause in the qualification of the jurors, upon which he, and some of his brethren, wished to hear the interpretation of the judges, to wit, what is the legal acceptation of the words “
 
 diligently inquire f"
 
 To this, the Chief Justice replied, that “ the expression meant, diligently to inquire into the circumstances of the charge, the credibility of the witnesses who support it, and from the Avhole, to judge whether the person accused ought to be put upon his trial. For (he added), though it would be improper to determine the merits of the cause, it is incumbent upon the grand jury to satisfy their minds, by a diligent inquiry, that there is a probable ground for the accusation, before they give it their authority, and call upon the defendant to make a public defence.”